UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TORREY CRAIG,

    **Plaintiff,**

vs.                                                  Case No.: 8:10-CV-2549-T-EAJ

DIGITAL INTELLIGENCE SYSTEMS
CORP. and BANK OF AMERICA
CORPORATION,

    **Defendants.**
_____/

## ORDER

Before the court are Defendants Digital Intelligence Systems Corp. ("Digital") and Bank of America Corporation's **Tender of Full Payment and Dispositive Motion to Dismiss Complaint with Prejudice** (Dkt. 11), Plaintiff's **Response** (Dkt. 12), Plaintiff's **Notice of Filing Supplemental Authority** (Dkt. 14), and Defendants' **Reply** (Dkt. 16). Following oral argument on the motion, and for the reasons explained below, Defendants' motion to dismiss is **GRANTED**.

## Background

Plaintiff's single-count complaint, filed in October 2010,[1] alleges unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Based on Plaintiff's interrogatory responses and deposition testimony, Defendants calculated Plaintiff's actual damages as $6,480. While denying that Plaintiff is owed any unpaid overtime wages, on or about August 26, 2011, Defendant Digital tendered a check to Plaintiff in the amount of $12,960 representing full compensation for Plaintiff's

---

[1] The complaint was originally filed in state court. The case was removed to federal court on November 15, 2010 (Dkt. 1).

actual and liquidated damages.[2] The check was issued in Plaintiff's name and sent to his counsel.

Before tendering the $12,960 check, Digital notified Plaintiff's counsel that a tender offer and a motion to dismiss were forthcoming and that the tender offer was being made for the purpose of mooting Plaintiff's claim pursuant to Dionne v. Floormasters Enterprises, Inc., 647 F.3d 1109 (11th Cir. 2011). Plaintiff's counsel did not object to the tender offer, but indicated an intent to seek an award of attorney's fees by separate motion. After Defendants filed the present motion to dismiss, Plaintiff's counsel deposited the check into the law-firm trust account.[3]

## **Discussion**

Defendants argue that Plaintiff's claim for unpaid overtime wages is now moot and that the case should be dismissed for lack of subject-matter jurisdiction. Plaintiff responds that his claim is not moot as he seeks an adjudication on the merits. Plaintiff further argues that allowing Defendants to escape a judicial determination of liability would contravene the policy behind the FLSA because Plaintiff would be deprived of his right to attorney's fees, and Defendants would be allowed to continue their unlawful pay practices.

A court must dismiss an action if the court determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). Matters outside the pleadings may be considered on a motion to dismiss where, as here, there is a factual challenge to the court's subject-matter jurisdiction. Morrison v. Amway Corp., 323 F.3d 920, 924-25 n.5 (11th Cir. 2003). A case is moot

---

[2] The check is dated August 23, 2011 (Dkt. 11 Ex. 4), but at the hearing, Defendants stated that the check was tendered contemporaneously with the filing of the motion to dismiss, which was filed on August 26, 2011.

[3] Plaintiff's response omits reference to the fact that the law firm deposited the check. A copy of the negotiated check is attached to Defendants' reply (Dkt. 16 Ex. 1).

when the parties lack a legally cognizable interest in the outcome or when there is no longer a live controversy with respect to which the court can give meaningful relief. <u>Cameron-Grant v. Maxim Healthcare Servs., Inc.</u>, 347 F.3d 1240, 1245 (11th Cir. 2003) (per curiam).

**1.      The Tender Represents Full Compensation for Plaintiff's FLSA Claim**

Plaintiff does not dispute that the tender amount represents full compensation for his actual and liquidated damages under the FLSA. Plaintiff is not entitled to prejudgment interest as the tender amount includes liquidated damages. <u>Joiner v. City of Macon</u>, 814 F.2d 1537, 1539 (11th Cir. 1987). Consequently, the tender offer represents compensation for all damages that Plaintiff is entitled to recover.

Plaintiff contends, however, that the tender does not represent full compensation for his claim because Plaintiff is still obligated to pay his attorney's fees and costs, which effectively serves as a deduction from his recovery. The issue of attorney's fees is collateral to the merits of the case and is not currently before the court. <u>See</u> <u>Mackenzie v. Kindred Hosps. E., L.L.C.</u>, 276 F. Supp. 2d 1211, 1218 n.4 (M.D. Fla. 2003); <u>Holcomb v. Mortg. House, Inc.</u>, No. 6:06-CV-45-ORL-22DAB, 2007 WL 129008, at *2-*3 (M.D. Fla. Jan. 13, 2007). And an interest in attorney's fees does not create a case or controversy where none exists on the merits of the underlying claim. <u>Lewis v. Cont'l Bank Corp.</u>, 494 U.S. 472, 480 (1990); <u>see also</u> <u>Dionne</u>, 647 F.3d at 1110 (holding that a plaintiff does not have a right to recover attorney's fees under the FLSA after the plaintiff's claims are dismissed as moot following an acceptance of a defendant's tender offer). Therefore, the fact that Digital's tender does not include an amount for attorney's fees does not change that the tender fully compensates Plaintiff for all damages that he is entitled to recover on the merits of his claim.

**2.      Digital's Tender Moots Plaintiff's Claim**

3

Citing Dionne, Defendants argue that Digital's tender moots Plaintiff's claim and warrants dismissal for lack of subject-matter jurisdiction. In Dionne, the district court dismissed Dionne's FLSA claim following Floormasters' tender of full compensation for Dionne's damages. Id. at 1111. The Eleventh Circuit affirmed the district court's subsequent order finding that Dionne was not entitled to an award of attorney's fees as the prevailing party. Id. at 1115.

Dionne maintained that he was entitled to prevailing party status because the filing of his complaint brought about the result he sought: full compensation for his unpaid overtime wages. Id. at 1113. The Eleventh Circuit rejected that argument, finding that Floormasters' voluntary change in conduct lacked the necessary judicial imprimatur to change the legal relationship of the parties and to qualify Dionne as the prevailing party. Id.

Based on this ruling, Defendants contend that a FLSA defendant's voluntary change in conduct in tendering full compensation can effectively end an action and preclude a court from considering an award of attorney's fees. Thus, it is Defendants' position that Dionne stands for the broader proposition that a defendant's tender of full compensation moots a plaintiff's FLSA claims. However, the plaintiff in Dionne agreed that his claim was moot and should be dismissed. Id. at 1111. As a result, the Eleventh Circuit did not address the district court's ruling that the action was rendered moot by the defendant's tender of full compensation. The Eleventh Circuit's ruling in Dionne, therefore, does not decide the issue currently before the court: whether, under the facts of this case, Digital's tender of full compensation renders Plaintiff's unpaid-overtime claim moot.

The other cases that Defendants rely upon are also distinguishable and do not resolve the issue. Digital's tender does not include attorney's fees and costs or an offer of judgment, see Mackenzie, 276 F. Supp. 2d at 1215, and the parties are not seeking judicial approval of a settlement

of Plaintiff's FLSA claim, see Goss v. Killian Oaks House of Learning, 248 F. Supp. 2d 1162, 1165-66 (S.D. Fla. 2003).[4]

To support his case, Plaintiff cites a recent Middle District of Florida decision which found that a mere tender of damages without attorney's fees did not render a plaintiff's FLSA claim moot. Klingler v. Phil Mook Enters., Inc., No. 8:11-CV-1586-T-27TGW, 2011 U.S. Dist. LEXIS 110205, at *1-*2 (M.D. Fla. Sept. 14, 2011).  In Klingler, the court ruled that allowing the defendants to avoid responsibility for attorney's fees would run counter to the FLSA's goal of fully compensating a wronged employee and that the tender was an attempt to circumvent the requirements of Rule 68, Fed. R. Civ. P.  Klingler, 2011 U.S. Dist. LEXIS 110205, at *1-*2; see also Balthazor v. ARS Nat'l Servs., Inc., No. 11-60821-CIV, 2011 WL 3627701, at *2 (S.D. Fla. Aug. 18, 2011) (finding that a tender of full compensation did not render a plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim moot because finding otherwise would "eviscerate the procedures set forth in Rule 68").  But see Brown v. Kopolow, No. 10-80593-CIV, 2011 WL 283253, at *3-*4 (S.D. Fla. Jan. 25, 2011) (finding that a defendant's settlement offer, which included damages and attorney's fees, mooted a plaintiff's FDCPA claim and sua sponte entering judgment in favor of the plaintiff).

The court declines to follow the rulings in Klingler and Balthazor.  As discussed above, the issue of attorney's fees is collateral to the merits of Plaintiff's FLSA claim.  And Klingler is distinguishable from the present case because the plaintiff in Klingler denied receiving the tender payment.  Klingler, 2011 U.S. Dist. LEXIS 110205, at *1 n.1.  Likewise, there is no indication that the plaintiff in Balthazor received or accepted the tender payment.

---

[4] In Goss, the court recast a tender of damages as a settlement despite the defendant's objection.  248 F. Supp. 2d at 1166.  Here, neither party contends that the tender constitutes a settlement, and the court declines to treat the tender as such.

5

On the other hand, at least two courts in Florida have ruled that acceptance of a defendant's tender of damages moots a plaintiff's FLSA claims. See Holcomb, 2007 WL 129008, at *2; Gathagan v. Rag Shop/Hollywood, Inc., No. 04-80520-CIV, 2005 WL 6504414, at *2 (S.D. Fla. Feb. 10, 2005). In Gathagan, the Rag Shop/Hollywood, Inc. (the "Shop") tendered two checks representing full compensation for damages on Gathagan's FLSA claim. Gathagan, 2005 WL 6504414, at *1. Gathagan accepted the Shop's tender, and the parties agreed to reach an arrangement for the payment of Gathagan's attorney's fees. Id. Gathagan promptly filed a notice of acceptance of the Shop's tender, and the Shop filed a motion to dismiss Gathagan's claim as moot. Id.

After the parties failed to reach an agreement on attorney's fees, Gathagan asked the court to be released from acceptance of the tender. Id. at *2. The court denied Gathagan's request and granted the Shop's motion to dismiss. Id. at *3. In a subsequent order denying Gathagan's motion for reconsideration, the court noted that Gathagan's counsel cut up the tendered checks and sent them back to the Shop in an apparent effort to revoke the acceptance. Gathagan v. Rag Shop/Hollywood, Inc., No. 04-805200-CIV, 2005 WL 6504749, at *1 (S.D. Fla. May 9, 2005). The court commented that instead of trying to revoke the acceptance, the proper procedure for protecting a plaintiff's right to an attorney's fee award would be for counsel to "instruct his client to delay acceptance of a tender until a satisfactory fee arrangement is reached or the parties agree that the tender represents an offer of settlement or judgment." Id. at *3.

After careful consideration of the facts in this case, the court finds that Plaintiff's acceptance and endorsement of a check for full compensation for damages, coupled with the deposit of the funds in the law-firm trust account, rendered his claims moot. Here, it is undisputed that Plaintiff and his

counsel accepted the check even though his counsel was on notice that the check was tendered for the purpose of mooting Plaintiff's claim. Plaintiff endorsed the check, and his counsel deposited it in the law-firm trust account. That the check was in Plaintiff's name and he endorsed it strengthens the conclusion that Plaintiff accepted the tender of full compensation for damages.

Plaintiff objects to Defendants' motion on the grounds that he is seeking an adjudication on the merits. However, Plaintiff did not request such relief until after accepting Digital's check. Plaintiff also claims that he has an interest in seeking an award of attorney's fees under the FLSA.

The purpose of the FLSA is to protect certain groups of workers from substandard wages and excessive working hours. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). To ensure that workers are fully compensated for their claims, the FLSA authorizes an award of attorney's fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b) (2008); see also Zegers v. Countrywide Mortg. Ventures, LLC, 569 F. Supp. 2d 1259, 1261-62 (M.D. Fla. 2008). A plaintiff is entitled to prevailing party status where the plaintiff obtains one of three outcomes: (1) a judgment on the merits, see Dionne, 647 F.3d at 1115; (2) an offer of judgment pursuant to Rule 68, Fed. R. Civ. P., Moore v. Appliance Direct, Inc., 6:08-CV-317-ORL-19DAB, 2009 WL 909271, at *1 (M.D. Fla. Apr. 1, 2009); or (3) a court-approved settlement, Goss, 248 F. Supp. 2d at 1167.

Here, there has been no adjudication on the merits of Plaintiff's claim, and Digital's tender of damages does not include an offer of judgment on specified terms pursuant to Rule 68, Fed. R. Civ. P. Further, the parties are not seeking judicial approval of a settlement of Plaintiff's claim. Consequently, none of the three conditions that would entitle Plaintiff to prevailing party status have been met. Plaintiff does not have a right to an award of attorney's fees and costs under the FLSA, and any interest that Plaintiff might have in such an award is speculative at this time. In any event,

an interest in attorney's fees does not create a case or controversy when none exists on the merits of a claim. See Lewis, 494 U.S. at 480.

As Plaintiff has received full compensation for damages on his FLSA claim and cannot demonstrate an actual injury that can be redressed by an adjudication in his favor, there is no longer a live case or controversy. See Lewis, 494 U.S. at 477; see also Holcomb, 2007 WL 129008, at *2; Gathagan, 2005 WL 6504414, at *2.

**3. There Is No Justiciable Controversy with Respect to Defendants' Pay Practices**

Contending that there is a justiciable controversy regarding the lawfulness of Defendants' pay practices, Plaintiff submits that a defendant's voluntary cessation of challenged conduct does not preclude a court from reviewing the legality of such conduct where it is capable of being repeated. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (citation omitted). Plaintiff further argues that allowing Defendants to escape a judicial determination of liability would contravene the policy behind the FLSA because Defendants would be allowed to continue their allegedly unlawful pay practices.

To have jurisdiction to review Defendants' pay practices, this court must have a reasonable expectation that Plaintiff would again be subject to such practices. See Lewis, 494 U.S. at 481. Plaintiff is no longer employed by Defendants, and Plaintiff has not proffered any facts suggesting that he will be subject to Defendants' allegedly unlawful conduct in the future. And while an adjudication in Plaintiff's favor might deter future unlawful conduct by Defendants, the issue before the court is whether Plaintiff has a legally cognizable interest in the outcome of this case, not whether an adjudication might be beneficial to Defendants' employees or other nonparties. Id. at 479. As such, there is no live case or controversy with respect to this issue because Plaintiff has

been fully compensated for his FLSA claim. Consequently, Plaintiff's claim must be dismissed as moot.

Accordingly, and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1)  Defendants' **Tender of Full Payment and Dispositive Motion to Dismiss Complaint with Prejudice** (Dkt. 11) is **GRANTED**.

(2)  Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

(3)  The Clerk of Court is directed to close the file and terminate all pending motions.

**DONE** and **ORDERED** in Tampa, Florida on this 1st day of November, 2011.

_____
ELIZABETH A JENKINS
United States Magistrate Judge